UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JORGE VALDEZ, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ELSA ELENA MENDOZA ACOSTA § <br> D/B/A FLETES MENDOZA AND § <br> RAMON ENRIQUE DURAN ZUNIGA, § <br> § <br> Defendants. § | Cause No.: 3:24-CV-00084-LS |

## **PLAINTIFF'S THIRD AMENDED COMPLAINT**

Plaintiff Jorge Valdez ("Plaintiff") files this Third Amended Complaint complaining of Defendant Elsa Elena Mendoza Acosta d/b/a Fletes Mendoza ("Fletes Mendoza") and Ramon Enrique Duran Zuniga ("Duran") (collectively "Defendants"), and respectfully shows as follows:

### I.
### PARTIES

1. Plaintiff is an individual resident of El Paso County, Texas.

2. Defendant Elsa Elena Mendoza Acosta d/b/a Fletes Mendoza is a transportation company that has its home office located at Ave Puente No. 709, Delicias, Chihauha 33000 and that regularly engages in business in the State of Texas. Defendant Elsa Elena Mendoza Acosta d/b/a Fletes Mendoza can be served through its BOC-3 agent listed on the U.S. Department of Transportation Website, Truck Process Agents of America, Inc., at 3333 Preston Rd., Ste. 300 PMB1248, Frisco, Texas 75034.

3. Defendant Ramon Enrique Duran Zuniga is an individual resident of Mexico, who was engaging in business in the State of Texas at the time of the incident made the basis of this lawsuit. Defendant Duran does not maintain a regular place of business and/or residence in the

State of Texas and does not have a designated agent for service of process in the State of Texas. This lawsuit arises from Defendant Duran's business in the State of Texas. As such, the Texas Secretary of State is the agent for service of Defendant Duran pursuant to Section 17.044(b) of the Texas Civil Practice & Remedies Code. Service may be had on Defendant Duran by serving the Texas Secretary of State at: **Secretary of State, Attn: Statutory Documents, 1019 Brazos, Austin, Texas 78701** for forwarding to Defendant Duran's home residence located at **Argelia Arispe No. 935, Colonia Rincones de Campo Real, Delicias, Chihuahua, Mexico 33038.**

## II.
### JURISDICTION AND VENUE

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332, because the Parties are diverse in citizenship. The damages sought are within the jurisdictional limits of this Court. Venue is proper in El Paso County, Texas, because all or a substantial part of the events giving rise to this cause of action occurred here.

## III.
### FACTUAL BACKGROUND

5. On or about July 14, 2022, Plaintiff was working as a forklift operator for Indel Food Products, Inc. at their yard in El Paso County, Texas. As a forklift operator, Plaintiff would load and unload cargo from trailers that were backed up to a loading dock. The loading dock was connected to the warehouse, which is about five to six feet above the ground. On this particular day, Plaintiff began unloading a trailer that was connected to a tractor owned by Defendant Fletes Mendoza. The tractor was being operated and controlled by Defendant Duran.

6. While Plaintiff was in the process of unloading the trailer connected to the Defendant Fletes Mendoza tractor, Defendant Duran suddenly pulled forward, without warning, and when it was not safe to do so. At the time that Defendant Duran pulled forward, the front tires

of the forklift that Plaintiff was operating were inside of the trailer at issue and the back tires of the forklift that Plaintiff was operating were on the warehouse dock. When Defendant Duran pulled forward, it caused the forklift that Plaintiff was operating to violently fall from the loading/unloading dock onto the pavement below. The force of the impact was so great that the cement became indented. The negligent acts and omissions of Defendant Duran proximately caused this incident, and as a result, Plaintiff sustained severe and permanent injuries and damages.

7. At all relevant times, Defendant Duran was acting in the course and scope of his employment with Defendant Fletes Mendoza, was acting in furtherance of a mission for Defendant Fletes Mendoza, and was subject to the control of Defendant Fletes Mendoza. Additionally, Defendant Duran was driving a tractor owned and maintained by Defendant Fletes Mendoza and was operating the tractor under the motor carrier authority of Defendant Fletes Mendoza.

## IV.
### NEGLIGENCE OF DEFENDANT DURAN

8. Defendant Duran had common law and statutory duties to use ordinary care in the operation of his tractor. He breached these duties and proximately caused Plaintiff's injuries and damages. Specifically, the Defendant Duran was negligent in the following ways:

   a. failing to verify that loading of the trailer was completed;

   b. failing to confirm that the area was safe before moving his tractor;

   c. failing to keep a proper lookout for others in the vicinity before moving his tractor from the loading dock;

   d. failing to sound his horn or take other reasonable measures to alert nearby individuals that he intended to move his tractor;

   e. starting the ignition of his tractor when it was not safe to do so;

   f. failing to chock his wheels during the loading/unloading process;

      g. operating a commercial tractor while distracted; and

      h. failing to act as a reasonable person using ordinary care in the same or similar circumstances.

9. Each of the foregoing acts and omissions, either taken singularly or in combination with others, constituted negligence which proximately and directly caused the incident made the basis of this lawsuit and Plaintiff's injuries and damages.

## V.
### VICARIOUS LIABILITY OF DEFENDANT FLETES MENDOZA

10. At the time of the crash, Defendant Duran was acting in the course and scope of his authority as an agent, servant, and employee with Defendant Fletes Mendoza, and was, in fact, the agent, servant, and employee of Defendant Fletes Mendoza. Accordingly, Defendant Fletes Mendoza is vicariously liable to Plaintiff for the negligence of Defendant Duran under the common law doctrine of *respondeat superior.*

## VI.
### NEGLIGENT ENTRUSTMENT BY DEFENDANT FLETES MENDOZA

11. Defendant Fletes Mendoza is liable for negligent entrustment of a motor vehicle to Defendant Duran. Specifically, Defendant Fletes Mendoza was the owner of the vehicle and entrusted the vehicle to Defendant Duran. At the time of the entrustment, Defendant Duran was an incompetent and reckless driver and Defendant Fletes Mendoza knew or should have known of this incompetence and recklessness. Further, Defendant Duran was negligent on this occasion in question and Defendant Duran's negligence proximately caused the crash and Plaintiff's damages.

## VII.
### NEGLIGENT HIRING, SUPERVISION, TRAINING, AND RETENTION BY DEFENDANT FLETES MENDOZA

12. Defendant Fletes Mendoza was negligent in the hiring, supervision, training, and retention of Defendant Duran, in that Defendant Fletes Mendoza knew, or in the exercise of reasonable care should have known, that Defendant Duran was unfit or unqualified for a position in which he was required to safely operate and drive a commercial motor vehicle. Accordingly, Defendant Fletes Mendoza is independently liable to Plaintiff in the following respects:

   a. negligently hiring Defendant Duran and for allowing, or failing to prevent, Defendant Duran from operating the commercial vehicle in an unsafe manner;

   b. failing to supervise Defendant Duran for the job that he was to perform on the date of the incident in question and for allowing, or failing to prevent, Defendant Duran from operating the commercial vehicle in an unsafe manner;

   c. failing to properly train and/or instruct Defendant Duran for that job that he was to perform and for the safe operation of a commercial vehicle; and

   d. negligently retaining Defendant Duran and for allowing, or failing to prevent, Defendant Duran from operating the commercial vehicle in an unsafe manner.

13. Each of the foregoing acts and omissions, either taken singularly or in combination with others, constituted negligence which proximately and directly caused the collision and Plaintiff's injuries and damages.

## IX.
### GROSS NEGLIGENCE

14. Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, their conduct involved an extreme degree of risk, considering the probability of magnitude and potential harm to Plaintiff. Defendants had actual, subjective awareness of this

risk involved, but nevertheless, proceeded in conscious indifference to the right, safety, or welfare of others, and more specifically, Plaintiff.

15. Defendants committed intentional conduct, illegal conduct, or conduct performed with a reckless disregard for the rights of others. Defendants engaged in grossly negligent conduct and acted with malice as those terms are defined in the Texas Civil Practice and Remedies Code. Defendants' conduct proximately caused Plaintiff's injuries and damages. Plaintiff is, therefore, entitled to recover exemplary damages.

## X.
### DAMAGES

16. As a result of Plaintiff's bodily injuries, which were proximately caused by the negligence of Defendants, Plaintiff is entitled to reasonable and proper compensation for the following legal damages:

    a. past and future medical expenses;

    b. past and future physical pain;

    c. past and future mental anguish;

    d. past and future physical impairment;

    e. past and future disfigurement;

    f. past lost wages and future loss of earning capacity; and

    g. exemplary damages.

17. Plaintiff seeks actual damages and punitive damages in an amount within the jurisdictional limits of this Court. More specifically, Plaintiff seeks monetary relief in an amount to exceed $1,000,000.00.

## XI.
### JURY DEMAND

18. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff requests a trial by jury and has paid the appropriate fee contemporaneously with the filing of this Petition.

## XII.
### PRAYER

19. Plaintiff prays that he have judgment against Defendants for actual and punitive damages shown and proved at trial, for pre-judgment and post-judgment interest, for costs of court, and for all other relief, legal and equitable, to which Plaintiff is entitled.

Respectfully submitted,

**CAL MUNDELL LAW FIRM, P.L.L.C.**
1521 E. Missouri Ave.
El Paso, Texas 79902
Phone: (915) 250-0700
Fax: (915) 250-0087
Email: cal@calmundelllaw.com

By: */s/ Cal Mundell*
**Cal Mundell**
Texas State Bar No. 24109059

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    I, **Cal Mundell**, certify that on this 10th day of May 2024, a true and correct copy of the foregoing has been served on all known counsel of record in accordance with the Texas Rules of Civil Procedure as follows:

hutterer@mgmsg.com
Mr. Frederick C. Hutterer III
Mounce, Green, Myers, Safi,
Paxson & Galatzan, P.C.
100 N. Stanton, Suite 1000
El Paso, Texas 79901

                                          */s/ Cal Mundell*
                                          **Cal Mundell**